UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT GREEN, et. al.,

    Plaintiffs,

v.                                                Case No. 15-10434

LIBERTY INSURANCE CORPORATION,

    Defendant.
                                                /

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON CLASS ALLEGATIONS**

Pending before the court is a "Motion for Judgment on Class Allegations," (Dkt. # 11), filed on April 29, 2015 by Defendant Liberty Insurance Corporation ("Liberty"). The matter has been fully briefed and the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will grant the motion.

**I. BACKGROUND**

This is a run-of-the-mill insurance dispute. Plaintiffs Robert and Verge Green are husband and wife and live, along with their son, Plaintiff Desmond Green, at 608 East Ellen Street in Fenton, Michigan. (Dkt. # 11, Pg. ID 142; Dkt. # 15, Pg. ID 445.) On or around January 29, 2014, Plaintiffs allegedly returned home to find their house ransacked and several highly valuable items stolen including vintage guitars, musical instruments, video games, and jewelry. (*Id.*) The Fenton Police Department investigated the incident that night, and determined that the theft was the result of a Breaking and Entering/Forced Entry. (Dkt. # 15, Pg. ID 445).

The next day, Plaintiff Robert Green filed a claim with his insurance company, Defendant Liberty. (Dkt. # 11, Pg. ID 142; Dkt. # 15, Pg. ID 445.) Defendant investigated the claim over the course of the next seven months, and on August 16, 2014 sent Plaintiffs a letter declining coverage. (Dkt. # 11, Pg. ID 143.) Plaintiffs then filed this suit, alleging both an individual breach of contract claim, and broader class allegations. (Dkt. # 1-1.)

## II. STANDARD

Pursuant to Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). When ruling on a Rule 12(c) motion, the court must take as true "all well-pleaded material allegations of the pleadings of the opposing party," and "the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (quoting *So. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir.1973)). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* at 581-82 (quoting *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir.1999)). The court is to grant a Rule 12(c) motion "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Id.* at 582 (quoting *Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir.1991)). "There must be no material issue of fact that could prevent judgment for the moving party." *Monroe Retail, Inc. v. RBS Citizens, N.A.*, No.074263, 2009 WL 4749352, at *3 (6th Cir. Dec. 14, 2009).

## III. DISCUSSION

Defendant's motion addresses no more than Plaintiffs' class allegations in Count II and, even if granted, will not resolve this litigation. Defendant's motion leaves unchallenged Count I of Plaintiff's complaint, which alleges that Defendant breached its contract with Plaintiffs by denying their insurance claim. (Dkt. # 1-1, Pg. ID 19.) The court focuses exclusively on the class allegations in Count II of the Complaint. (*Id.* at Pg. ID 20-21.)

As an initial matter, Plaintiffs argue that Defendant's attachment of and reliance on materials outside the pleadings converts its motion into one for summary judgment. (Dkt. # 15, Pg. ID 447.) While it is true that "on a motion under Rule . . . 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," Fed. R. Civ. P. 12(d), the Sixth Circuit has held that this rule does not apply to a court's consideration of "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint," *Barany-Snyder v. Weiner,* 539 F.3d 327, 332 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.,* 259 F.3d 492, 502 (6th Cir. 2001)); *see also Nieman v. NLO, Inc.,* 108 F.3d 1546, 1554 (6th Cir. 1997). Plaintiffs specifically object to "Defendant's attachment [and interpretation of] other lawsuits filed by Plaintiffs' Counsel." (Dkt. # 11, Pg. ID 143.) Lawsuits, however, are "matters of public record," and therefore do not

convert the instant action into a motion for summary judgment.[1] The court will consider the instant action as filed.

Accordingly, when, as here, a defendant moves "to strike class action allegations on the basis that class certification is precluded as a matter of law, the defendant bears the burden of establishing that the plaintiff will be unable to demonstrate facts supporting certification, even after discovery and the creation of a full factual record." *Jimenez v. Allstate Indem. Co.,* No. 07-14494, 2010 WL 3623176, at *3 (E.D. Mich. Sept. 15, 2010) (Murphy, J.). "When the defendant challenges class certification based solely on the allegations in the complaint, *the standard is the same as applied in deciding a motion to dismiss under Rule 12(b)(6).*" *Id.* (emphasis added). As such, the complaint must present "[f]actual allegations . . . enough to raise a right to [class certification] above the speculative level . . . on the assumption that all the allegations in the complaint are true[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court views the complaint in the light most favorable to the plaintiff and takes all well-pleaded factual allegations as true. *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009); *Carrier Corp. v. Outokumu Oyj*, 673 F.3d 430, 400 (6th Cir. 2012). "[W]here the well-pleaded facts do not permit the court to infer more than the

---

[1]Though Plaintiffs make no mention of the documents, the court notes that Defendant has also attached two letters from Defendant to Plaintiff Robert Greene (Dkt. ## 11-2, 11-3). They are inconsequential to the court's decision. Plaintiffs cited them each only once in their fact section to support facts that are not in dispute. (Dkt. # 11, Pg. ID 143.) The court therefore affirmatively rejects and excludes this evidence. *See Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.,* 452 F.3d 494, 503 (6th Cir. 2006) ("This court has found that the mere presentation of evidence outside of the pleadings, absent the district court's rejection of such evidence, is sufficient to trigger the conversion of a Rule 12(c) motion to a motion for summary judgment.").

mere possibility of [class certification], the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The substantive analysis, therefore, "must begin and end with a 'rigorous analysis' into whether the prerequisites of Rule 23 are met." *Jimenez,* 2010 WL 3623176*,* at *3. (*citing Stubbs v. McDonald's Corp.,* 224 F.R.D. 668, 674 (D. Kan. 2004); *Thomas v. Moore USA, Inc.,* 194 F.R.D. 595, 597 (S.D. Ohio 1999)). Subsection (a) of Rule 23 "states four threshold requirements applicable to all class actions: (1) numerosity . . . ; (2) commonality . . . ; (3) typicality . . . ; and (4) adequacy of representation." *Amchem Prods., Inc., v. Windsor,* 521 U.S. 591, 613 (1997). Subsection (b) also requires that "parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2), or (3)." *Id.* at 614. If the court concludes that Plaintiff will be unable to meet the prerequisites of either subsection, the class allegations must be stricken. Each factor will be discussed in turn.

### A. Numerosity

Federal Rule of Civil Procedure 23(a)(1) requires a proposed class to be "so numerous that joinder of all members is impracticable." While "often referred to as the 'numerosity' requirement . . . the Rule's core requirement is that joinder be impracticable." William Rubenstein, Alba Conte, & Herbert B. Newberg, *Newberg on Class Actions* § 3:11 (5th ed. 2013). As such, "[t]here is neither one specific 'magic number' nor . . . is numerosity alone necessarily determinative." *Id.* Rather, "the numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations." *Gen. Tel. Co. V. EEOC,* 446 U.S. 318, 330 (1980).

"[W]hile the exact number of class members need not be pleaded . . . impracticability of joinder must be positively shown, and cannot be speculative." *In re OnStar Contract Litigation,* 278 F.R.D. 352, 373 (E.D. Mich. 2011) (Cox, J.). Plaintiffs "must 'show some evidence of or reasonably estimate the number of class members." *Turner v. Grant Cty. Det. Ctr.,* No. 05-148, 2008 WL 821895 (E.D.Ky. March 26, 2008) (quoting *Schwartz v. Upper Deck,* 183 F.R.D. 672 (S.D. Cal. 1999)).

Here, Plaintiffs have pleaded that

> This action is brought by Plaintiffs for themselves and for all other injured persons similarly situated, whose joinder in this action is impracticable because the Class is so numerous. The Class consists of persons who have sustained injuries, monetary and/or physical, as a result of LIBERTY's deceptive and unlawful trade practices: its disregard for the sanctitty of written Contracts; representations allowing members of the public to pay insurance premiums, LIBERTY's confirmation that Plaintiffs were properly insured; LIBERTY's unilateral denial of insurance benefits that are in clear contravention of the terms and conditions of the Policy of Insurance especially based on some generic and vague denial of claims, and/or denying insurance claims that should be covered under its policy of insurance, and/or putting into the stream of commerce policies of insurance that are conscionable and/or repugnant to public policy.

(Dkt. # 1, Pg. ID 20.) Said allegations constitute nothing more than "a formulaic recitation of the elements" of numerosity and "will not do." *Twombly,* 550 U.S. at 555. Plaintiffs' pleading has not positively shown even a rough estimate, let alone a reasonable one, of the number of class members, and therefore cannot satisfy this prerequisite. Numerosity is not established.

### B. Commonality

Rule 23(a)(2) requires a party seeking class certification to show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This requirement "is generally satisfied by the existence of a single issue of law or fact that is common across all class members and is thus easily met in most cases." Rubenstein,

6

Conte, & Newberg, *supra,* at § 3:18.  Nevertheless, in *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 349-50 (2011), the Supreme Court held that

> Commonality requires the plaintiff to demonstrate that *the class members have suffered the same injury*.  This does not mean merely that they have all suffered a violation of the same provision of law . . . . Their claims must depend upon a common contention—for example, the assertion of discriminatory bias on the part of the same supervisor.  That common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.

(emphasis added). In short, what matters to class certification "is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation.  Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." *Id.* (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof,* 84 N.Y.U. L. Rev. 97, 132 (2009) (emphasis in the original).)

> In the instant action, Plaintiffs have alleged
>
> That there are questions of law or facts common to the members of the Class that predominate over questions of law or facts affecting only Plaintiffs themselves.  The questions of law or facts common to all members of the Class are whether, [sic] LIBERTY engage [sic] in unlawful trade practices, committed fraud and misrepresentations, improperly deny or limit insurance claims, and a host of other improprieties, some of which have been set forth herein.

(Dkt. # 1-1, Pg. ID 20.)  As with numerosity, Plaintiffs have merely parroted the elements of commonality and provided no facts to support their contention.  Plaintiffs have painted with an exceptionally broad brush: the alleged question of fact common to all class members could be correctly summarized as whether Defendant has wronged

7

them all somehow in some way. Such vague allegations of commonality do not suggest that class members have all suffered the same injury, nor do they facilitate the generation of common answers. Accordingly, Plaintiffs have not pleaded sufficient facts to satisfy the prerequisite of this subsection. Commonality is not established.

### C. Typicality

Even assuming *arguendo* that Plaintiffs have alleged sufficient facts to satisfy the numerosity and commonality requirements, Plaintiffs have not demonstrated that class claims are typical. Rule 23(a)(3) requires "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). In contradistinction to the first two prerequisites which "identify the characteristics of a class that make representative litigation appropriate," this subsection, along with Rule 23(a)(4), "focus[es] on the desired attributes of the class's representative." Rubenstein, Conte, & Newberg, *supra,* at § 3:28.

A named plaintiff's claim is typical of the purported class only "if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, or if his or her claims are based on the same legal theory." *Beattie v. CenturyTel., Inc.,* 511 F.3d 554, 561 (6th Cir. 2007) (internal quotations omitted). "[T]he interests and claims of the various plaintiffs need not be identical." *Reese v. CNH Am., LLC,* 227 F.R.D. 483, 487 (E.D. Mich. 2005). Rather, the question is simply "whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *Beattie*, 511 F.3d at 561. "[T]he typicality requirement is not satisfied, however, when a plaintiff can prove his own claim but not 'necessarily have

proved anybody's [sic] else's claim'" *Id.* (quoting *In re Am. Med. Sys., Inc.,* 75 F.3d at 1082.) Furthermore, "[w]here a class definition encompasses many individuals who have no claim at all to the relief requested, or where there are defenses unique to the individual claims of the class members . . . the typicality premise is lacking." *Serrano v. Cintas Corp.,* Nos. 04-40132, 06-1231, 2009 WL 910702, at *8, (E.D. Mich. March 31, 2009) (Cox, J.) (citing *Beck v. Maximus, Inc.,* 457 F.3d 291, 296 (3d. Cir. 2006)); *In re OnStar,* 278 F.R.D. at 375 ("[W]here a defendant has unique defenses against each class member's individual claim, a case is unsuitable for class action.").

Plaintiffs have once again provided only a threadbare recitation of the elements, alleging that "[t]he claims of the named Plaintiffs are for monetary damages proximately caused by LIBERTY's unlawful trade practices, fraud, breach of contract and misrepresentations, directly and/or through its Adjustors(s) which is true of the entire class and therefore typical of the claims of the class." (Dkt. # 1-1, Pg. ID 20.) They later add that "Plaintiffs are typical and representative of all individuals who were materially injured by LIBERTY's unlawful and deceptive trade practices." (*Id.* at Pg. ID 21.) These statements are factually inadequate to satisfy the *Twombly* standard.

However, Defendant argues that even if Plaintiffs' allegations were sufficiently pleaded, Plaintiffs' claim would still not be typical of the class because "Liberty's defense of each claim would be unique to the facts and circumstances of that claim." The court agrees that, given the broad description of the class as a whole, the validity of each class member's claim would hinge on the specific details of his or her individual contract and the circumstances surrounding each incident—variability which naturally gives rise to unique defenses in each case. *Cf. Vega v. T-Mobile USA, Inc.,* 564 F.3d

9

1256, 1276 (11th Cir. 2009) ("Without a common contract, it is impossible for [the plaintiff] to bring a case typical of all other members."). Typicality is not established.

### D. Adequacy of Representation

Finally, Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3). "Adequate representation is . . . the capstone of the Rule 23(a) requirements: it ensures that the class's champion will pursue its interests sufficiently well so as to produce a judgment that can fairly bind all members of a group who cannot appear before the court individually." Rubenstein, Conte, & Newberg, *supra*, at § 3:50. As such, courts consider two factors: (1) whether the representative has "common interests with unnamed members of the class;" and (2) whether it appears "that the representative will vigorously prosecute the interests of the class through qualified counsel." *In re OnStar*, 278 F.R.D. at 375. Adequate representation "brings into play any concerns about the competency of class counsel and any conflicts of interest that may exist." *Davidson,* 302 F.R.D. at 438.

As with the previous factors, Plaintiffs have not satisfied the pleading requirements of *Twombly.* In their Complaint, Plaintiffs allege only that "as representative parties, [they] fairly and adequately protect the interests of the class." (Dkt. # 1-1, Pg. ID 21). Plaintiffs have failed to support this assertion with well-pleaded facts. For this reason, Plaintiffs fail to establish adequacy of representation.

### E. Rule 23(b) Requirements

In addition to meeting the threshold requirements in Rule 23(a), a party seeking to certify a class must show that

> (1) "prosecuting separate actions by . . . individual class members would create the risk of" either "inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class" or "adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would susbtantially impare or impede their ability to protect their interests," Fed. R. Civ. P. 23(b)(1);
>
> (2) "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole," Fed. R. Civ. P. 23(b)(2); or
>
> (3) "that questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and effectively adjudicating the controversy," Fed. R. Civ. P. 23(b)(3).

Plaintiffs have once again failed to plead sufficient facts to survive a Rule 12(c) motion, reciting only that the "maintenance of this action as a Class action is superior to other available methods of adjudication in promoting the convenient administration of justice."

Accordingly, because Plaintiffs have not satisfied *any* of the prerequisites of Rule 23(a) or (b), the court will grant "Defendant's Motion for Judgment on Class Allegations." (Dkt. 11).

### F. Need for Discovery

Plaintiffs argue that resolving the instant action would be premature because "absolutely no discovery has been provided on Plaintiffs [sic] claims." (Dkt. # 15, Pg ID 457.)  While it is true the Sixth Circuit has stated that a district court "should defer decision on class classification issues and allow discovery if the existing record is inadequate for resolving the relevant issues," *In re Am. Med. Sys., Inc.,* 75 F.3d at 1086, that does not dispose of *Twombly's* pleading requirements.  The general rule "does not apply if it is clear from the face of the complaint that a proposed class cannot satisfy the

11

requirements of Rule 23." *Bearden v. Honeywell Int'l, Inc.*, 720 F. Supp. 932, 942 (M.D. Tenn. 2010). Due to the utter absence of specific facts required to undergird Plaintiffs' allegations, it is not necessary to wait until the conclusion of discovery to make a determination on class certification. It is clear from the face of the Complaint that Plaintiffs have not satisfied the requirements of Rule 23. The court rejects Plaintiffs' argument and grants judgment on Count II.[2]

## VI. CONCLUSION

IT IS ORDERED that Defendant's "Motion for Judgment on Class Allegations" (Dkt. # 12) is GRANTED.

IT IS FURTHER ORDERED that Count II of Plaintiffs' Complaint (Dkt. 1-1) containing class allegations is STRICKEN.

                        S/Robert H. Cleland
                        ROBERT H. CLELAND
                        UNITED STATES DISTRICT JUDGE

Dated: March 30, 2016

---

[2] With the disposition of the instant motion in favor of the moving party, Plaintiffs' motion (or "request") for monetary sanctions against Defendant—appended inappropriately, according to the Local Rules, as a section of Plaintiffs' Response—is revealed as without merit and will be terminated in a marginal docket notation.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 30, 2016, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522